## Upper Moreland Township School District v. School Teachers Association of Upper Moreland Township et al.

*Federico F. Mauck*, of *Wright, Mauck & Hawes*, for petitioner.

*Joseph H. Cochran*, for respondents.

CORSON, J., March 4, 1947.—Petitioner here, the School District of Upper Moreland Township, and the school teachers' association and the teachers, respondents, are before the court upon a petition for declaratory judgment, asking a construction of the rights of petitioner under the School Code of May 18, 1911, P. L. 309, sec. 563, as amended by the Act of July 18, 1935, P. L. 1192, sec. 2, and the Act of May 13, 1937, P. L. 605, sec. 3, 24 PS §610. Section 2 of the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, provides that "Any person . . . whose rights, status, or other legal relations are affected by a statute . . . may have determined any question of construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status, or other legal relations thereunder."

From the testimony and the pleadings it would seem to be admitted, and therefore found as facts that:

1. Petitioner is the School District of Upper Moreland Township and respondents are teachers employed by such school district for the school year 1946-47.

2. Respondent teachers are all under contract to the school district for such school year.

3. The contracts between the teachers and the district were entered into during the spring of 1946.

4. Since the contracts were entered into the cost of living has increased to such an extent that under the salaries provided in the contracts the teachers are finding great difficulty in supporting themselves and their families in a proper manner.

5. The teachers have approached the school district asking for a conference, the purpose of the conference being to seek a method by which the teachers' salaries can be raised above the amounts provided in their contracts for the present year.

6. The budget of the school district for the school year has, of course, long since been made up and even

if it were possible to legally transfer any unexpended balances from one part of the budget to another to provide for such increase, such unexpended balances would be insufficient to provide for any substantial raise in teachers' salaries.

7. The school district for the year 1946 levied the maximum tax millage permitted by it under the present law.

8. Twelve or more teachers of the total teachers employed by the school district have placed their names with employment agencies for the purpose of obtaining possible higher salaries with other school districts during the school year 1947-48.

9. While the teachers' association wishes to confer with the directors of the school district for the purpose of obtaining higher salaries for the remainder of the present school year, yet such association has assured the directors that the teachers will comply with the terms of their contracts for the present school year and that no strike of the teachers is contemplated or possible at the present time.

### Discussion

Section 563 of the School Code, supra, as amended by the Act of May 13, 1937, P. L. 605, sec. 3, inter alia provides, as regards the budget, that:

"The board of school directors may, during any fiscal year, make additional appropriations or increase existing appropriations to meet *emergencies*, such as *epidemics, floods, fire,* or other catastrophies, the funds therefor to be provided from unexpended balances in existing appropriations, from unappropriated revenue, if any, or from temporary loans. Such temporary loans, when made, shall be approved by a two-thirds vote of the board of school directors." (Italics supplied.)

The question to be decided is whether or not under the facts as shown in the present case such an emer-

gency as contemplated by the act exists, so as to allow the school district to make a temporary loan for the purpose of increasing teachers' salaries during the remainder of the present school year.

The only two cases passing upon this question, under not exactly similar facts however, are: Redstone Township School Directors et al. v. Verbanic, 44 D. & C. 347 (1941), and Robinson Township School District Petition, 58 D. & C. 217 (1946). The so-called Redstone case holds that even a strike of professional employes is not such an emergency under section 563 of the School Code, as amended. The Robinson Township case, on the other hand, holds that the economic situation of the teachers may constitute an emergency as contemplated by said act. The School Code is generally strictly construed insofar as it applies to the expenditure of tax moneys for school purposes and if any expenditures are made by the board, not provided by the School Code, the school directors may be individually surcharged for the amounts of such expenditures. The act in referring to emergencies specifically sets forth the kind of emergencies it refers to when it says "such as epidemics, fire, etc." Certainly the present high cost of living has been more or less steadily rising since at least 1940 or 1941.

The "emergency" referred to in the School Code is clearly intended to refer to an emergency arising in an individual school district. The cost of living is a general condition that not only applies to the petitioning school district but to probably all school districts not only in the State of Pennsylvania but throughout our Nation. The question to be decided under the present petition is not whether or not the teachers of the petitioning school district are receiving proper or sufficient salaries but merely to construe the law and determine whether or not, under the present law, the school di-

rectors are authorized to make a temporary loan for the purpose of meeting the requests of the school teachers for higher salaries. We feel that such a situation was never contemplated by the legislature in enacting this section of the School Code and that the provisions of section 563 cannot possibly be legally stretched to cover the situation in the present case.

It would seem that there may be two important things for the teachers to do. First, the time is approaching when it will become the duty of the school directors to make up the budget for the school and fiscal year 1947-48. Even if a temporary loan were made at the present time it would have to be taken care of in the new budget and would necessarily cut down the amount of tax money available to pay teachers' salaries for the next school year. The school directors having levied the maximum tax possible under the present law, no greater amount of tax funds would appear to be available during the next school year. If these funds are to be depleted by the repayment of a temporary loan, it may well be that the school district will be unable to obtain sufficient teachers next year to carry on.

Second, the State legislature is at present in session and no doubt ready and willing to act to aid the teachers in their present situation. While we said that no greater tax money may be expended during the next school year under present legislation, yet there is certain emergency legislation which may provide greater revenue for teachers' salaries during the next school year. Counsel for both petitioner and respondents referred to such legislation in their arguments before the court.

The situation which the teachers complain of, as we have said, is such a general situation that it cannot be called an emergency in the case of any individual

school district but is a situation that can only be remedied by legislation allowing greater taxing powers to the local school districts or greater State aid to the school districts in the matter of teachers' salaries.

We gather from the newspapers that various acts referring to the present situation have already been discussed in Harrisburg and that some constructive action may be expected from the legislature in the near future.

Upon the findings of fact and for the reasons given in the foregoing discussion, the court makes the following

*Conclusions of law*

1. That the present economic situation, as it affects the teachers employed by petitioning school district, does not constitute an emergency contemplated by section 563 of the School Code of 1911, as amended by the Act of 1937, P. L. 605, supra;

2. That the following decree be, and is, hereby entered:

And now, March 4, 1947, it is decreed and declared that the petitioning School District of Upper Moreland Township does not, at this time, upon the facts presented at the hearing and in the pleadings, have the legal right to make additional appropriations or increase existing appropriations beyond the amounts provided in the budget adopted by the school district for the school and fiscal year of 1946-47 or to make a temporary loan under section 563, supra. An exception is noted for both petitioner and respondents.

---

NOTE.—See also Charleroi Borough School District, 58 D. & C. 126; Ambridge Borough School District, 59 D. & C. 73; Hopewell Township School District, 59 D. & C. 249, and Coal Twp. School District v. Coal Twp. Taxpayers Assn., 59 D. & C. 665.